FREDERICK R. COLE, Plaintiff, *v.* THE ROME, WATERTOWN AND OGDENSBURG RAILROAD COMPANY, Defendant.

*Railroads — negligence — injury to a brakeman — signal given by a fellow brakeman — absence of a rule or regulation — a risk of the employment.*

A railroad company is not liable for a bodily injury sustained by a brakeman in its employ through an erroneous signal given by a fellow brakeman, on the ground that the company was negligent in not having adopted and promulgated a rule confining the giving of signals to some one person connected with the making up of a train, where there is no evidence that such a rule was either reasonable or practicable of enforcement, or that, had it existed and been enforced, it would have prevented the accident.

When a railroad brakeman knows that a fellow brakeman is authorized to give signals to the engineer when circumstances require them, the risk of accident and injury, resulting from a mistake in giving such signals, is an incident of the employment, and is assumed by entrance upon and continuance in the employment of the railroad company with knowledge of such risk.

MOTION by the plaintiff, Frederick R. Cole, for a new trial on a case and exceptions directed to be heard in the first instance at the General Term, after a nonsuit granted at the Monroe Circuit on the 21st day of June, 1892.

*Charles Van Voorhis,* for the motion.

*Edward Harris,* opposed.

DWIGHT, P. J. :

The action was for a bodily injury sustained by the plaintiff while engaged as a brakeman on a freight train of the defendant. He was head brakeman, and one Gurnee was hind brakeman of the train. They were engaged in making up a train at the Charlotte terminus; the plaintiff was on the hind end of the last car of a section of the train which was being backed down a siding, and Gurnee was on the ground. The latter gave a signal to the engineer, in response to which the engine was suddenly reversed, and a jerk was produced which threw the plaintiff off the end of the car to the ground, and the injury was received of which he complains in this action.

The only negligence charged upon the defendant by the complaint, consisted in its failure to adopt and promulgate a rule or rules which would have prevented Gurnee from giving the signal mentioned. That rule, it is suggested, should have had the effect to confine the giving of signals to some one person connected with the making up or movement of each train.

There are several reasons why it must be held that no cause of action was made out in this case. In the first place, there is no evidence that such a rule as that proposed was either reasonable or practicable of enforcement in the making up of freight trains, and in the next place, it does not appear that the rule, had it existed and been enforced, would have prevented the accident in question.

Gurnee gave the signal as he did, under the mistaken belief that the object of backing down had been accomplished, and that the two hind cars had been uncoupled to be left on the siding. So far as appears he was as likely to have made that mistake had he been the only person authorized to give the signal as he was being one of two persons so authorized to do. Moreover, the plaintiff knew there was no such rule as that suggested; he knew that his fellow brakeman was authorized to give signals to the engineer when circumstances required, and that he was liable to error and mistake in so doing as in the performance of any other of his duties; the risk of accident and injury resulting from such mistake was incident to the plaintiff's employment and was, therefore, a risk assumed by him when he entered upon or continued in such employment with a knowledge of such risk.

The fact, if it was such, that the brakes on the two hind cars were defective had no bearing upon the question of the defendant's negligence, as it had no effect to produce the accident described.   The fact was not mentioned in the complaint and it appeared in the evidence only incidentally as explaining why the two cars had not been uncoupled as Gurnee supposed they had been.

The case seems to us, on the whole, to be without evidence of any negligence chargeable to the defendant, which either caused or contributed to produce the injury complained of ; and the view we have taken obviates the consideration of any other question in the case.

The nonsuit was properly granted and the motion for a new trial must be denied.

LEWIS and HAIGHT, JJ., concurred. ·

Plaintiff's motion for a new trial denied, with costs, and judgment directed for the defendant on the nonsuit.